09-1887-cv
Mahmud v. Kaufmann

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: (SUMMARY ORDER). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand nine.

PRESENT:
> RALPH K. WINTER,
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

-----------------------------------------------------------------

SAEEDA A. MAHMUD,

*Plaintiff-Appellant,*

v.                                                              No. 09-1887-cv

WALTER KAUFMANN, Individually, Jointly, and Severally, JEFF AUERBACH, Individually, Jointly, and Severally, JANE BROOKS, Individually, Jointly, and Severally, GOPAL SHAH, Individually, Jointly, and Severally, DAVID BRODY, Individually, Jointly, and Severally,

*Defendants-Appellees.*

-----------------------------------------------------------------

APPEARING FOR APPELLANT:   CARL E. PERSON, New York, New York.

APPEARING FOR APPELLEES:   S. ALLAN ADELMAN (Timothy B. Adelman, *on the brief*), Adelman, Sheff & Smith, LLC, Annapolis, Maryland.

Appeal from the United States District Court for the Southern District of New York (William C. Conner, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 31, 2009, is AFFIRMED.

Saeeda Mahmud, a cardiologist, appeals from a grant of summary judgment in favor of defendants, five individual doctors affiliated with her former employer, Bon Secours Community Hospital ("BSCH"), on her claim that they violated the Sherman Act, see 15 U.S.C. § 1 et seq., and tortiously interfered with her prospective economic advantage, see Mahmud v. Kaufmann, 607 F. Supp. 2d 541 (S.D.N.Y. 2009). We review an award of summary judgment de novo, "examining the facts in the light most favorable to the non-moving party and resolving all factual ambiguities in that party's favor." Pyke v. Cuomo, 567 F.3d 74, 76 (2d Cir. 2009). Summary judgment is proper only if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We assume familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.   Sherman Act

Mahmud has not adduced evidence sufficient to create a triable issue of fact on her

Sherman Act claim. As the district court observed in a characteristically thoughtful and detailed opinion, Mahmud's complaint does not indicate whether she invokes section 1 or 2 of the Act, see 15 U.S.C. §§ 1-2, but in either case she must prove an antitrust injury, see George Haug Co. v. Rolls Royce Motor Cars Inc., 148 F.3d 136, 139 (2d Cir. 1998), i.e., "(1) an injury-in-fact; (2) that has been caused by the violation; and (3) that is the type of injury contemplated by the statute," Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 220 (2d Cir. 2004).

Mahmud has asserted three injuries: (1) her own lost income; (2) interference with patients' choice of physicians, and (3) a reduction in the quality of medical care available in the relevant market.[1] The first is an injury to an individual competitor, not an antitrust injury. See Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 438 (2d Cir. 2005); Capital Imaging Assocs., P.C. v. Mohawk Valley Med. Assocs., Inc., 996 F.2d 537, 543 (2d Cir. 1993). Mahmud has failed to adduce sufficient evidence as to the other two alleged injuries.

---

[1] In opposing summary judgment, Mahmud advanced definitions of the relevant geographic and service markets, see Heerwagen v. Clear Channel Commc'ns, Inc., 435 F.3d 219, 227-28 (2d Cir. 2006) (explaining market definition under Sherman Act), overruled on other grounds as stated in Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196, 203 (2d Cir. 2008), that differed substantially from those articulated in her complaint, compare Am. Compl. ¶¶ 55-56, with Appellant's Br. at 13, 15. The district court focused on whether Mahmud had adduced evidence supporting the existence of the markets described in her complaint and found she had failed to do so. See Mahmud v. Kaufmann, 607 F. Supp. 2d at 555. Mahmud suggests this was error. Because, like the district court, we conclude that Mahmud has failed to adduce sufficient evidence of antitrust injury in any market, we need not reach this question.

3

Specifically, Mahmud's evidence of diminished patient choice[2] includes (1) her own declarations, see, e.g., Mahmud Decl. Opp'n Summ. J. ("Mahmud Decl.") ¶¶ 28, 62; and (2) the declarations of 32 patients. Neither is sufficient to create a triable issue of fact. Mahmud's conclusory declarations are patently inadequate. See Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004). The patients' declarations are likewise inadequate because they do not establish that the patients cannot secure treatment from Mahmud, only that they cannot do so at BSCH. Mahmud currently has admitting privileges at three other area hospitals. See Mahmud Decl. ¶ 30.

Regarding quality of care, Mahmud again relies on her own declarations, see, e.g., Mahmud Decl. ¶ 80, as well as summaries of the ten patient charts on which, in the incident that led ultimately to her departure from BSCH, she alleged misconduct by other practitioners. Even to the extent the charts substantiate Mahmud's claim that patients at BSCH have received inferior care, they address circumstances before her departure, and so cannot demonstrate that defendants' subsequent actions have effected an antitrust injury.

In sum, while Mahmud may have adduced facts capable of demonstrating injuries to herself, she has not created a triable issue of fact as to "the type of injury contemplated by the [Sherman Act]." Blue Tree Hotels Investment (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d at 220; see also Balaklaw v. Lovell, 14 F.3d 793, 802 (2d

---

[2] In her reply brief, Mahmud appears to abandon this claim. See Appellant's Reply Br. at 6. In any event, her evidence on this issue is insufficient, as explained in text.

Cir. 1994) ("Because Dr. Balaklaw's factual allegations . . . establish only that he has been harmed as an individual competitor, we conclude that Dr. Balaklaw has suffered no antitrust injury . . . ."). Thus, we affirm the district court's grant of summary judgment for defendants on this issue.

### 2. Tortious Interference

We likewise affirm the award of summary judgment in favor of defendants on Mahmud's claim of tortious interference with her prospective business relations with BSCH, Orange Regional Medical Center ("ORMC"), and two state credentialing bodies.[3] Such a claim requires proof that "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship." Catskill Dev., L.L.C. v. Park Place Entm't Corp., 547 F.3d 115, 132 (2d Cir. 2008).

Mahmud has failed to adduce sufficient evidence to create a question of fact as to whether the third element is satisfied as to the two hospitals. As a "general rule," unless a defendant's conduct "amount[s] to a crime or an independent tort," not alleged here, it

---

[3] Like the district court, we consider Mahmud's tortious interference claim with respect to these relationships notwithstanding her failure to identify them in her amended complaint. See Mahmud v. Kaufmann, 607 F. Supp. 2d at 559-60. We note that Mahmud's argument on this issue occupies only about one page of her main brief. Nevertheless, we assume that she has preserved her claim as to the hospitals and credentialing bodies. Her claim with respect to her former patients, which receives only a passing reference in her reply brief, is waived. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998).

5

satisfies this element only if it is engaged in "for the sole purpose of inflicting intentional harm" on the plaintiff. Carvel Corp. v. Noonan, 3 N.Y.3d 182, 190, 785 N.Y.S. at 359, 362 (2004) (internal quotation marks omitted).[4] Mahmud offers no evidence to support her claim that the disciplinary action instituted against her was a "sham," Appellant's Br. at 23, other than the assertion, unsupported by the record, that defendants deviated from their usual practice by causing related meetings to be recorded,[5] see Mahmud Decl. ¶ 11, and a letter from another physician attesting that Mahmud's care of the ten patients on whose charts she recorded complaints was "without reproach," Letter from Janet Strain to Jeffrey Auerbach (Dec. 2, 2001). Particularly in light of an independent evaluator's warning that Mahmud's practice as to some of the same ten patients deviated from the standard of care, see Letter from Ronald J. Tatelbaum to Jeffrey Auerbach (Oct. 15, 2001), Mahmud's evidence is insufficient to raise a question of fact as to whether the proceeding was instituted for the "sole purpose" of injuring her. Carvel Corp. v. Noonan, 3 N.Y.3d at 190. Nor does the

_____

[4] Carvel also suggests that "extreme and unfair" economic pressure might constitute "wrongful means" satisfying the third element of tortious interference, 3 N.Y.2d at 190-92, 785 N.Y.S. at 362-64, but such pressure suffices only where its "sole purpose" is to injure the plaintiff, Catskill Dev., L.L.C. v. Park Place Entm't Corp., 547 F.3d at 137 (internal quotation marks omitted).

[5] Mahmud directs the court to testimony indicating that BSCH's medical executive committee sometimes discussed confidential issues in "executive session," as to which a record was not created. See Appellant's Br. at 32; Walter Kaufmann Dep. Tr. at 17. She offers no evidence that the committee deviated from this practice in her case, much less that it did so for the purpose of injuring her. The record reflects, moreover, that some of the committee's discussions of Mahmud did occur in executive session, see Letter from Thomas Brunelle to Mark Tuckfelt (Apr. 20, 2004), and that other meetings were recorded at Mahmud's own request, see Jeffrey Auerbach Dep. Tr. at 61.

6

record establish that her disciplinary records were transmitted to ORMC in order to injure her. Rather, it indicates that BSCH personnel resisted providing the records, but that ORMC, obeying its own bylaws, insisted. See Letter from Mark Tuckfelt to Saeeda Mahmud (Dec. 20, 2002).

Finally, assuming for the purposes of this appeal that Mahmud's relationships with two New York credentialing bodies can be characterized as "business relations," see Purgess v. Sharrock, No. 91 Civ. 621, 1993 WL 328919, at *8 (S.D.N.Y. Aug. 20, 1993) (noting absence of New York authority supporting claim that "a physician's relationship with a state licensing board is not economic in nature"), Mahmud has failed to adduce evidence that her relationships with those entities were injured. Although both opened investigations into her conduct, neither produced an adverse finding. See Mahmud Decl. ¶¶ 37, 39.

We have considered Mahmud's remaining contentions on appeal, and we conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By:_____

7